UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

**DANIEL WAYNE JOHNSON IND.**                                                           **PLAINTIFF**

**v.**                                                              **CIVIL ACTION NO. 1:25-CV-00047-JHM**

**COMMONWEALTH OF KENTUCKY,** *et al.*                                      **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff Daniel Wayne Johnson IND. initiated this *pro se* action on a court-approved 42 U.S.C. § 1983 civil rights complaint form. [DN 1]. A review of the complaint reveals that this Court lacks jurisdiction over the subject matter of the action, and the Court will dismiss this case.

**I.**

Plaintiff sues the Commonwealth of Kentucky, Governor Andy Beshear, Judge Kimberly Geoghegan, Michael Delaney, Stephen Harmon, Officer Harris, Brandi Duvall, Brett Hightower, Kevin Jackson, Governor of Tennessee Bill Lee, Amy Millikin, unknown United States Marshal Service employees, and unknown clerks at the Western District of Kentucky Clerk's Office in their individual and official capacities. Plaintiff states that he is "a living, breathing man, that has Reserved All Rights, U.C.C Uniform Commercial Code 1-308 with Affidavit, Authenticated and Apostled under the 1951 Hauge Convention through the . . . Kentucky Revised Statutes 355-1-308 'under protest' . . . ." [DN 1 at 5]. Plaintiff states that his name is "copywrited" by the Johnson Trust . . ." and that the Internal Revenue Service Commissioner and U.S. Treasury Department are fiduciaries of Plaintiff. [*Id.*]. Plaintiff claims that the Johnson Trust "has been violated with multiple 501(c)'s and 508(c)(1)(a)." [*Id.* at 6]. Plaintiff also claims that the Defendants "are not in compliance of Registration, FARA Foreign Agents Registration Act." [*Id.* at 6].

Plaintiff states that he was arrested by the Bowling Green Police Department and Warren County Sheriffs department "unidentified, under presumption, unlawfully confined, restrained liberty, mistaken identity violating civil rights of a Private Citizen." [*Id.*]. Plaintiff further alleges that an unknown number of Western District of Kentucky Clerks Office and unknown number of U.S. Marshals "falsifi[ed] verble statements of hearsey violating [his] civil rights, hindering a fair trial and due process, defermation of character with slander." [*Id.* at 7]. As relief, Plaintiff states that he wants the Court to:

> United States Code as Reserved with U.C.C. 1-308, KRS 355-1-308, apostle through Hauge Convention of 1951 with the Commonwealth of Kentucky $250,000 . . . per individual violation per hour . . . one million dollars per organization per hour under Federal Trade Agreement. . . . 12 twelve Defendants, 12 organizations 63 sixthree day as of 28 Jan to 31 March 2025 . . . equals $945,000,000. . . . seeking $15,000,000, fifteen million each day for everyday after 31st day of March 2025 until released from Warren County Regional Jail.

[*Id.* at 8].

## II.

The Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972). The duty to be less stringent with *pro se* complaints, however, "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted), and the Court is not required to create a claim for a *pro se* plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

"[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). A complaint is "frivolous" if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in fact if it is "'premised on clearly baseless factual allegations that describe fantastic or delusional scenarios, rising to the level of the irrational or the wholly incredible.'" *Selvy v. Dep't of Hous. & Urban Dev.*, 371 F. Supp. 2d 905, 908 (E.D. Mich. May 31, 2005) (quoting *Tenn. ex rel. David Francis Fair v. Comm'r*, No. 3:04-CV-494, 2004 U.S. Dist. LEXIS 26677 (E.D. Tenn. Nov. 4, 2004)).

### III.

The Court construes the complaint as seeking relief from Defendants based on a sovereign citizen theory. Courts have repeatedly rejected arguments made upon the theory of sovereign citizenship as frivolous. *See, e.g.*, *United States v. Sterling*, 738 F.3d 228, 233 n.1 (11th Cir. 2013) ("Courts have been confronted repeatedly by [sovereign citizens'] attempts to delay judicial proceedings and have summarily rejected their legal theories as frivolous."); *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("We have repeatedly rejected [the defendants'] theories of individual sovereignty, immunity from prosecution, and their ilk."); *Charlotte v. Hansen*, 433 F. App'x 660, 661 (10th Cir. 2011) (rejecting the sovereign citizen theory as having no conceivable validity in American law); *Muhammad v. Smith*, No. 3:13-CV-760 MAD/DEP, 2014 U.S. Dist. LEXIS 99990, at *4-8 (N.D.N.Y. July 23, 2014) (stating that sovereign citizen theories have been repeatedly rejected as frivolous and "a waste of court resources"). Claims

premised on sovereign citizen theories may be dismissed "without extended argument." *United States v. Ward*, No. 98-30191, 1999 U.S. App. LEXIS 9255, at *5-6 (9th Cir. May 13, 1999).

The Court finds that Plaintiff's allegations against Defendants are based solely on a sovereign citizenship theory and therefore meet the standard for lack of subject matter jurisdiction under *Apple v. Glenn*. Accordingly, the Court will dismiss this action by separate Order.

Date: September 8, 2025

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.014